IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| **Ward, et al.,** | ) |
| Plaintiff, | ) |
| v. | ) Civil Case No.: GLS 20-549 |
| **Cane, et al.,** | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Pending before this Court is a motion for remand ("Remand Motion") filed by Carrie M. Ward, et al. (hereinafter "Plaintiffs"). (ECF No. 11). Defendant Wendy Cane ("Defendant Cane")[1] has opposed the motion. (ECF Nos. 27, 28, 29, 30, 32, 33). Plaintiffs have replied. (ECF Nos. 26, 31).

Defendant Cane has filed several documents, which I liberally construe as a motion to amend her removal action, and as a motion to "realign" the parties. ("Amend/Realignment Motions") (ECF Nos. 27, 28, 29, 30, 32, 33). Plaintiffs have opposed. (ECF Nos. 26, 31).

Upon review of the pleadings and the record, the Court finds that no hearing is necessary. *See* L.R. 105.6. For the reasons set forth below, the Remand Motion is **GRANTED,** and the Amendment/Realignment motions are **DENIED.**

---

[1] On July 8, 2020, Lawrence Jacobs, Esq. entered his appearance as counsel on behalf of Julie M. Howar, whom he identified as the "Personal Representative of the Estate of Raymond J. Howar." (ECF No. 35). Only Defendant Cane removed the action to this Court. No pleading on behalf of Howar has been filed.

1

**I.     FACTUAL BACKGROUND RELEVANT TO REMOVAL MOTION[2]**

In July 2001, title to the property located at 44477 Tall Timbers Road, Tall Timbers, MD 20690 ("Tall Timbers property") was conveyed to Raymond J. Howar and Julie M. Howar. (ECF No. 11-3). In 2006, the Howars executed a deed of trust to secure a mortgage loan. (ECF No. 11-4).

When the Howars defaulted on the loan, the lender appointed trustees, Wells Fargo N.A. ("Wells Fargo-Trustees"), which initiated a foreclosure action on the Tall Timbers property in July 2015. (ECF Nos. 11-4, 11-6). In August 2015, the foreclosure paperwork was served on the Howars. (ECF No. 11-6). Later, in March 2019, Plaintiffs were substituted as plaintiffs. (*Id.*). On June 25, 2019, Wells Fargo-Trustee purchased the property at a foreclosure auction (ECF Nos. 1-2, 11-7). On December 6, 2019 the Circuit Court for St. Mary's County ratified the sale. (*Id.*).

On December 12, 2019, Plaintiffs became aware that Defendant Cane occupied the property. (ECF No. 1-2, p. 14). On December 20, 2019, Plaintiffs mailed a notice to vacate to the property. (*Id.* at 17–19).[3] On or about December 27, 2019, Defendant responded to the notice, in essence, claiming that she was a bona fide tenant, and provided a completed occupancy form, rent receipts, and a copy of what she claimed was her lease.[4] (ECF No. 1-6, at 5–12, 20). After reviewing Defendant's response, Plaintiffs decided that Defendant was not able to prove that she

---

[2] A court may take judicial notice of recorded deeds and publicly-filed foreclosure papers. *See Phillips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). In addition, pursuant to Fed.R.Civ. P 10(c), this Court may consider documents attached to the removal petition, as long as they are integral to the petition, and there is no dispute about their authenticity.

[3] The notice made clear that although Md. Code, Real Property § 7–105.8 grants "bona fide" tenants a 90-day grace period before eviction, occupants who are not "bona fide" tenants under Maryland law must vacate the property after 10 days. The notice also contained instructions for occupants wishing to assert "bona fide" tenant status, including the requisite "occupant information form" and the contact information for where to send it. (*See also* ECF No. 1-7 at 3).

[4] The parties dispute the validity of the lease. The proffered "lease" is handwritten, does not identify the property, and does not contain the name of the grantor. (ECF No. 1-7).

was a "bona fide" tenant, asserting that the purported lease agreement that she provided was invalid as it did not identify the Tall Timbers property. (ECF No. 1-7, p. 14).

On January 31, 2020, Wells Fargo-Trustee filed a motion for possession of the property in the Circuit Court for St. Mary's County. According to Plaintiffs, they sought possession of real property pursuant to Md. Rule 14-102, which governs the procedure for obtaining foreclosed upon property from someone who refuses to relinquish possession. Plaintiffs maintained that Defendant is not a "bona fide" tenant under the Maryland Protecting Tenants at Foreclosure Act ("MD PTFA"), Md. Code, Real Property, § 7-105.8(b)(2). Therefore, she is not entitled to stay in the property for any amount of time, including the 90 days set forth in the MD PTFA. (ECF Nos. 1-2, 1-5).

Thereafter, on February 1, 2020, Plaintiffs served Defendant with the motion for possession of the real property. (ECF No. 1-2).

## II. PROCEDURAL HISTORY

### A. Remand Motion

On February 28, 2020, Defendant filed a notice of removal from the Circuit Court for St. Mary's County to this Court, pursuant to 28 U.S.C. § 1441. (ECF No. 1-8) ("Removal Motion"). Defendant initially claimed that removal to this Court was proper because a federal question exists under the Due Process Clause of the 14th Amendment to the U.S. Constitution. (*Id.*). In effect, she maintains that as a bona fide tenant of the Tall Timbers property she has a due process right to a "constitutionally" sufficient notice to vacate the property, i.e., a notice that set a date for a hearing and provided her with "information about how to answer or if one could answer the motion," as well as affords her a "right to contest in an evidentiary hearing." (Removal Motion, at 4). In her

Removal Motion, Defendant Cane also seeks declaratory relief, pursuant to 28 U.S.C.§ 2201. (*Id.* at 6).

On March 26, 2020, Plaintiffs filed the Remand Motion. In the motion, Plaintiffs first contend that the case should be remanded to the Circuit Court for St. Mary's County because this Court lacks subject matter jurisdiction over an *in rem* foreclosure proceeding and related motion for possession. Second, to the extent that Defendant Cane is trying to advance affirmative federal defenses to the state action, no such justification for removal to this Court exists. (*Id.*, at 5-7). Alternatively, assuming *arguendo* that Defendant Cane could remove the state action to federal court, her attempted removal is time barred, because she did not comply with the thirty-day time period provided for in 28 U.S.C.§ 1446(b). (*Id.*, at 8).

B.  Motion to Amend/Motion for "Realignment"

On June 15, 2020, Defendant filed a pleading, which this Court liberally construed[5] as a motion for an extension of time to file an opposition to the Remand Motion. (ECF No. 23). Also included in that pleading appeared to be a request for a two- or three-week extension to answer the Remand Motion, "if a motion to amend the pleadings is required." (*Id.* at 2). Moreover, Defendant mentioned for the first time Fed. R. Civ. P. 5.1, and also referred to 42 U.S.C.§ 1983, seemingly making a request for leave to amend her removal complaint on the basis of the alleged unconstitutionality of the Maryland Rules of Procedure. (*Id.* at 1). Because in her pleading Defendant Cane referred to Fed.R.Civ.P. 15(a)(2), this Court also construed the pleading as a motion for leave to amend her removal action. (ECF No. 24).

On June 16, 2020 Plaintiffs filed a response to Defendant's pleading, citing her failure to comply with Local Rule 103.6 regarding a motion for leave to amend, and a lack of an argument

---

[5] Defendant Cane, a *pro se* litigant, authored pleadings that are general, conclusory, and difficult to understand. The Court tried to make sense of her arguments, which are articulated throughout her pleadings.

to support her motion for extension of time to respond to the Remand Motion. In addition, Plaintiffs generally asserting that any amendment to the removal action would be futile. (ECF No. 26).

On June 22, 2020, Defendant filed an "Answer to opposition" (sic) to the Remand Motion, in which she again sought permission to file an amended remand complaint. (ECF No. 27). The Defendant argued for the first time that the Federal Protecting Tenants at Foreclosure Act ("PTFA") preempts Maryland law and procedure governing evictions, which she characterized as unconstitutional. Defendant also asserted for the first time that Plaintiffs violated the Federal Debt Collection Practices Act. She repeated similar allegations of a deprivation of her 14th Amendment right to due process. (*Id.*) Three days later, on June 25, 2020, Defendant filed an "Answer to Motion to Remand," advancing the same arguments as set forth in all of her prior pleadings. (ECF No. 28).[6] Five days later, Defendant filed a "Correspondence," in which she sought permission to file a "Motion to Realign the Parties." (ECF No. 30). In that correspondence, she avers that "the plaintiff in this case would better fit the role as defendant and is a nominal party in this action for several reasons." (*Id.*).

On July 1, 2020, Plaintiffs filed a reply to Defendant Cane's response to the Remand Motion, highlighting that Defendant has not adequately addressed the issue of this Court's lack of subject matter jurisdiction. (ECF No. 31). On July 7, 2020 and July 8, 2020, Defendant Cane filed an additional notice, and what she described as an "Addenda." (ECF Nos. 32, 33). In sum, both documents repeat the same arguments that Defendant Cane advanced in earlier filings.

---

[6] On June 30, 2020, Defendant supplemented this filing with an additional exhibit. (ECF No. 29).

**III.     DISCUSSION**

     A.  Removal

Federal courts have removal jurisdiction over state court actions "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal is proper only if the state case involves maritime issues, diversity of citizenship, or a federal question. *See* 28 U.S.C. § 1331-1333.

Federal subject matter jurisdiction can be challenged by the non-removing party at any time before final judgment. *See* 28 U.S.C. § 1447(c). A removing party has the burden of proving the existence of federal jurisdiction. *Marchese v. JPMorgan Chase Bank, N.A.*, 917 F.Supp.2d 452, 459 (D. Md. 2013).

Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction arises exists in "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiffs' right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983).

On a motion to remand, this Court "'strictly construe[s] the removal statute and resolve[s] all doubts in favor of remanding the case to state court.'" *See Marchese*, 917 F.Supp.2d at 459 (quoting *Richardson v. Phillip Morris, Inc.*, 950 F.Supp. 700, 702 (D. Md. 1997)). This is because federal courts are reluctant "to interfere with matters properly before a state court." *Richardson,* at 701.

As a preliminary matter, Defendant Cane fails to respond to any of the arguments raised in the Remand Motion. On that basis, this Court finds that remand is appropriate. *See Ferdinand-*

*Davenport v Children's Guild*, 742 F.Supp.2d 772, 777 (D. Md. 2010)(a plaintiff's failure to respond to a defendant's argument in a motion to dismiss meant that plaintiff abandoned her claim).

Alternatively, analyzing Plaintiffs' arguments, the Court also finds that remand is appropriate for several reasons. First, Plaintiffs' litigation over the Tall Timbers property with a foreclosure action. (ECF Nos. 11-4, 11-6). Next, the "Motion for Judgment Awarding Possession of Property" mentions only the Md. Rule 14-102 and the MD PTFA. *Id*. This is a state law and rule against a Maryland property, i.e., an *in rem* foreclosure proceeding. *See Wells Fargo Home Mortg. Inc. v. Neal*, 398 Md. 705, 726, 922 A.2d 538 (2007). Such an action does not create a federal question over which this Court must exercise discretion. *Fisher v. Federal National Mortgage Assn*, 360 F.Supp. 207, 211-12 (D. Md. 1973). Because of the nature of the action, Defendant Cane's purported due process challenge to the Maryland Rule and statute governing foreclosure proceedings, are "not to be reviewed in this Court, [rather, they] ought to be heard only in the state courts in Maryland, over which this Court does not exercise collateral review." *Arnold v. Waterfield Mortgage Co*, 966 F.Supp. 387, 389 (D. Md. 1996)

Second, Defendant Cane asserts a number of affirmative defenses to the state eviction proceedings in an apparent attempt to justify removal. These include arguments that: (a) the PTFA supersedes Maryland law; (b) Plaintiffs violated the Federal Debt Collection Practices Act; and (c) Md. Rule 14-102 deprives her of her 14th Amendment right to due process. (ECF Nos. 27 at 1–3; 28, 29, 30, 32, 33). This Court must only examine Plaintiffs' state court action to determine whether a federal question is presented. *Franchise Tax Bd*., 1 U.S. at 10 ("For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff* 's complaint establishes that the case "arises under" federal

law"). Indeed, "it is the complaint as framed by the plaintiff in state court that determines whether a federal question is present … a defendant may not raise a federal question for removal purposes in his defense … nor can a defendant avoid this restriction by attempting to join a third party and asserting a federal counter claim as to that party." *Crawford v. Mokhtari*, 842 F.Supp 840, 843 (D. Md. 1994).

    B.  <u>Amendment of Pleadings</u>

*Local Rule 103.6 and Federal Rule of Civil Procedure 15*

Local Rule 103.6 sets forth the procedure that a party must file in order to file an amended pleading in a case duly before this Court. As a preliminary matter, the record is clear that Defendant Cane did not comply with the Local Rule when she filed a series of pleadings. (*See* ECF Nos. 27-29, 30, 32, 33). In addition, Rule 15 of the Federal Rules of Civil Procedure governs motions to amend pleadings. However, because no federal question has been present, this Court lacks jurisdiction to entertain the Amendment/Realignment motions.

**IV.**    **CONCLUSION**

For the foregoing reasons, the Remand Motion (ECF No. 11) is **GRANTED**. In addition, the motion to amend and the motion for "realignment," (ECF Nos. 27, 28, 29, 30, 32, 33), are **DENIED**.

An Order follows, consistent with this Memorandum Opinion.


Dated: September 11, 2020                                   /s/
                                                           The Honorable Gina L. Simms
                                                           United States Magistrate Judge